IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MARY LEOLA STROGGINS,**     )<br>               )<br>    **Plaintiff,**          )<br>               )<br>**v.**              )<br>               )<br>**COMMISSIONER OF SOCIAL**    )<br>**SECURITY,**          )<br>               )<br>    **Defendant.**         ) | No. 2:20-cv-02698-TLP-atc |

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On September 16, 2020, Plaintiff Mary Leola Stroggins filed a *pro se* complaint against Defendant Commissioner of Social Security, seeking judicial review of the decision denying her supplemental security income under Title XVI of the Social Security Act. (ECF No. 1.) On September 18, 2020, the Court granted Stroggins's motion to proceed *in forma pauperis*. (ECF No. 5.)

On March 31, 2021, the Court entered an Order Directing Plaintiff to File Amended Complaint. (ECF No. 7.) In the Order, the Court explained that,

> [u]nder Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the court's direction after the court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

(*Id.* at 1.) The Court further explained that it was unclear as to whether summonses should issue, as Stroggins's complaint failed to show that she had exhausted her administrative remedies or

what aspects of the Commissioner's decision she was appealing. The form complaint Stroggins used in her filing warned her in bold type that she "must attach a copy of the decision of the Appeals Council to this complaint. Failure to attach a copy of the decision of the Appeals Council may result in your complaint being dismissed for failure to exhaust your administrative remedies." (ECF No. 1, at 3.)

That requirement is consistent with and derived from 42 U.S.C. § 405(g), which governs judicial review of decisions of the Commissioner of Social Security. Under that provision,

> [t]he determination whether an individual is entitled to benefits is made initially by a state agency acting under the authority and control of the Secretary. If a claimant is dissatisfied with the state agency's decision, he is entitled to a hearing by an ALJ. If the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council. Proceeding through these three stages exhausts the claimant's administrative remedies. Thereafter, he may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g).

*Middleton v. Comm'r of Soc. Sec.*, No. 17-2164-SHL-dkv, 2017 WL 4570313, at *4 n.1 (W.D. Tenn. Apr. 5, 2017), *report and recommendation adopted*, 2017 WL 4570318 (W.D. Tenn. May 17, 2017) (quoting *Bowen v. City of N.Y.*, 476 U.S. 467, 471–72 (1986) (internal alterations omitted)).

The Order instructed Stroggins to include in her amended complaint the Appeals Council decision she was appealing from, along with her specific objections to the Commissioner's decision. Stroggins was to file her amended complaint within 30 days from the Order's entry, i.e., by April 30, 2021. The Court warned Stroggins that "[f]ailure to comply with this Court's Order in any way may result in dismissal of this case without further notice." (*Id.* at 2.) Stroggins has yet to file an amended complaint, more than six weeks after the Court entered the Order, and three weeks since the deadline to do so has passed. To that end, this Court recommends that Stroggins's complaint be dismissed without prejudice, *sua sponte*, pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted in that she has failed to exhaust her administrative remedies.

    Respectfully submitted, this 21st day of May, 2021.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.