IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARY LEOLA STROGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02698-TLP-atc |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Mary Leola Stroggins sues Defendant Commissioner of Social Security under 42 U.S.C. § 405(g).  (ECF No. 1.)  She seeks judicial review of Defendant's decision denying her supplemental security income.  (*Id.*)  But she failed to show that she exhausted her administrative remedies.  (*See* ECF No. 7 at PageID 18.)  And she failed to identify what aspects of the Commissioner's decision she was appealing.  (*Id.* at PageID 17.)  Besides, Plaintiff never responded to Magistrate Judge Annie T. Christoff's order directing her to amend her complaint and address these deficiencies.  (*Id.*)

As a result, the Magistrate Judge issued a Report and Recommendation ("R&R") under Administrative Order 2013-05 and recommends that this Court dismiss Plaintiff's complaint sua sponte for failure to state a claim.  (ECF No. 8.)  For the reasons explained below, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

**IN FORMA PAUPERIS CASE SCREENING**

The Court has to screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2).  If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ."  *Id.*  As mentioned above, the Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B).  And here, the R&R recommends sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  (ECF No. 8 at PageID 21.)

The Magistrate Judge explained that under 42 U.S.C. 405(g), a claimant may only seek judicial review in a federal court after exhausting all administrative remedies.  (ECF No. 8 at PageID 20 (quoting *Middleton v. Comm'r of Soc. Sec.*, No. 17-2164-SHL-dkv, 2017 WL 4570313, at *4 n.1 (W.D. Tenn. Apr. 5, 2017), *report and recommendation adopted*, 2017 WL 4570318 (W.D. Tenn. May 17, 2017))).  To exhaust, the claimant must appeal the state agency's decision to an Administrative Law Judge ("ALJ").  *Id.*  And if unhappy with the ALJ's decision, then the claimant must appeal to the Appeals Council.  *Id.*  "Proceeding through these three stages exhausts the claimant's administrative remedies."  *Id.*

Plaintiff here did not attach the Appeals Counsel's decision to her complaint.  (*See* ECF No. 1.)  So in March 2021, the Magistrate Judge directed Plaintiff to amend her complaint (ECF No. 7), because "it was unclear as to whether summonses should issue, as Stroggins's complaint failed to show that she had exhausted her administrative remedies or what aspects of the Commissioner's decision she was appealing."  (ECF No. 8 at PageID 19–20.)

The Magistrate Judge instructed Plaintiff to include with her amended complaint (1) the Appeals Council decision she was appealing, and (2) her specific objections to the

2

Commissioner's decision. (ECF No. 7 at PageID 18.) The Magistrate Judge gave Plaintiff 30 days to amend and warned her that "[f]ailure to comply with this Court's Order in any way may result in dismissal of this case without further notice." (*Id.*) Because that deadline passed and Plaintiff failed to amend her complaint, the Magistrate Judge now recommends dismissing the complaint without prejudice. (ECF No. 8.)

## ADOPTING THE R&R

Under the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff here did not object to the R&R during the 14-day statutory period, and the time for filing objections has now expired. *See id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff did not object to the Magistrate Judge's R&R. And having reviewed the R&R and the entire record, the Court finds no clear error, **ADOPTS** the R&R in its entirety, and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 31st day of August, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE